■ WALTER GOSDEN, Respondent, v. 467 REALTY CORP., Defendant, and KOMAS CONSTRUCTION CORP., Defendant and Fourth-Party Plaintiff-Appellant. BELT CONSTRUCTION CORPORATION, Fourth-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, defendant and fourth-party plaintiff Komas Construction Corp. appeals from a judgment of the Supreme Court, Nassau County, dated February 20, 1968, (1) in favor of plaintiff upon a jury verdict of $45,000 against it and (2) dismissing the fourth-party complaint upon the trial court's decision. Judgment modified, on the law and the facts, (1) by striking out the first decretal paragraph thereof, which awards a recovery to plaintiff against appellant, and (2) by providing, in lieu thereof, that plaintiff's complaint is dismissed, without costs. As so modified, judgment affirmed, without costs. Appellant was the general contractor engaged to erect a building in Plainview, Nassau County. It employed plaintiff's employer, Belt Construction Corporation, as a subcontractor, to do the masonry work. Plaintiff, as an employee of Belt, while erecting an interior wall or partition pursuant to the instructions of Belt's foreman, sustained personal injuries on May 10, 1963, when the wall collapsed. Plaintiff undertook to prove that the accident was due to the negligence of appellant in failing to furnish him with a safe place to work pursuant to section 200 of the Labor Law; in failing to take proper measures to protect him from hazardous conditions existing on the job site and permitting the interior wall to be subject to collapse from wind pressure. We are of the view that plaintiff failed to establish that appellant was negligent. The *only* testimony adduced by him on the issue of appellant's failure to provide a safe place to work was that of one White, a professional engineer, who testified that the construction of the interior wall should not have been commenced until the outside (masonry) walls of the structure had been completed and that it was standard procedure to protect the work area from wind by tarpaulin or some other protective material. Thus it appears to be clear that it was the duty of plaintiff's employer (the masonry contractor) to follow these procedures. It had the obligation of constructing all of the exterior and interior walls. We are of the opinion that if openings were left in the exterior walls which might cause a wind hazard, it was the masonry contractor's duty to provide the required protection for his employees in the construction of interior walls. In addition, there was no testimony adduced regarding the respective rights and duties that existed between appellant and plaintiff's employer. We

are also of the view that there was no evidence that the wind was the cause of the collapse of the wall. The testimony produced by plaintiff regarding causality was conjectural and purely speculative. He admitted he did not see the wall fall (he was bending over to pick up mortar with his trowel) but "believe[d]" the wind "could" have caused it to fall; and finally he stated he did not know what happened. His co-worker testified that he bent over to pick up some mortar and when he turned around the wall was falling. In response to the question "Do you know what caused the wall to go?", he answered, "To me, I can blame it on the wind." The engineer, White, testified that a 20-mile per hour wind "could cause" this type of wall to topple. However, there was no testimony that the wind velocity at the job site was at the rate of 20 miles per hour. Brennan, Acting P. J., Hopkins and Martuscello, JJ., concur; Rabin, J., concurs in the direction that the recovery in favor of plaintiff against appellant be struck out, but otherwise dissents and votes to reverse the judgment in its entirety and to grant a new trial on plaintiff's complaint as against appellant and on appellant's fourth-party complaint, with the following memorandum, in which Benjamin, J., concurs: Plaintiff, an employee of a masonry subcontractor (Belt), undertook to prove that the wall which he was in the process of constructing was caused to fall by the wind conditions existing in an allegedly unprotected work area. The claim made was that the general contractor (Komas) had failed to provide the masonry subcontractor's men with a safe place to work. We agree that on the present record plaintiff failed to prove by a fair preponderance of the evidence adduced whether, under the circumstances of this case, the general contractor breached its nondelegable duty to provide a safe place to work. However, contrary to the majority's assertion, it is quite unclear whether plaintiff's expert, White, was referring to the *general* contractor or the subcontractor when he testified that it was the normal and reasonable procedure for contractors to protect such a work area from wind pressure by tarpaulins or some physical fence. If, upon a retrial, it would be established that this was the duty of *general* contractors, the jury might properly find that Komas had indeed failed to provide Belt's men with a safe place to work, in contravention of section 200 of the Labor Law. We also agree that on the present record plaintiff failed to prove by a fair preponderance of the evidence adduced that the wind was the proximate cause of the wall falling. However, upon a retrial, it may be that such defect would be cured by additional proof.